I'm Alex Rosenthal. I represent the appellant, Mrs. Estelle Stein. We're here on the appeal of the District Court's granting of summary judgment in a tax assessment case against Mrs. Stein. The government filed an assessment claim against Mrs. Stein approximately 10 years after an assessment, and shortly thereafter moved for summary judgment. In their motion, they attached an affidavit of the revenue agent along with their transcript, and in their motion stated that the government was entitled, under law, to a presumption of correctness, and even before any evidence was filed in the case, relying on Mays v. United States, stated that Mrs. Stein could not defeat summary judgment and overcome the presumption of correctness in a summary judgment proceeding merely by filing her own affidavit, unless she also filed corroborating evidence to support her statements. Can I ask you a quick question? I'm a little confused about exactly how we got here, because I didn't see that the District Court cited Mays. I didn't see that the government, in its panel brief defending the summary judgment, cited Mays. How is it that Mays becomes the animating principle of this entire proceeding? Well, the government cited Mays in their motion. The District Court judge cited the principle of Mays in her decision, although she didn't cite the case specifically when she said, the ruling here is that the self-serving affidavit without corroborating evidence is insufficient to overcome the presumption of correctness. That's Mays, so she said it without citing the case, even though it was cited by the government. I guess the question I have is that, as I read the District Court opinion, it seems not to be articulating a principle that will apply for all times and all purposes, but just to say, in this case, this affidavit wasn't sufficient. She didn't say the affidavit was insufficient as an affidavit. She said it was insufficient because there was not corroborating evidence to support the affidavit, which nowhere in Rule 56 does that principle exist. In fact, this Court, many of the judges in this Court have authored opinions which says an affidavit alone, self-serving albeit self-serving, is sufficient to oppose a summary judgment, even when the party filing it has the burden to prove their case. But for some reason, the District Court, invited to do so because of the concept of principle of presumption of correctness and corroborating evidence necessary to support that affidavit, ruled that this affidavit, self-serving in nature, was insufficient to defeat the summary judgment of the government. But so is it your position that a self-serving, uncorroborated affidavit always suffices to defeat summary judgment? Provided it's admissible, probative to material fact in the case. And I say that not because I think it's the case, because Anderson v. Liberty Lobby says the case, and because Price says a self-serving affidavit from this Court is sufficient. In fact, sometimes litigants don't have records. Their case is entirely based on their verbal statements. This Court in Newsom, in Reed, in Adams, in Feliciano, in Liebman, has said repeatedly, it doesn't matter that the litigant, having the burden of proof, puts a self-serving affidavit in to oppose summary judgment. It's not for the trial court to judge that affidavit as incompetent, not credible. If it's probative, that's all that's necessary. And the judge is required to believe what is said in that affidavit. How did that affidavit prove that the bank paid the check?  She drew a check on a bank, supposedly, and mailed it to the IRS. And, of course, under the best evidence rule, the best evidence that the IRS was paid would be the bank records, wouldn't it? Yes, the best evidence of payment would be a document, but if the document— Let's assume that the bank records were electronic, as they are today, so you don't get them from the bank in the mail every month, a bundle of canceled checks. What you do is you get a printout of the transactions that the bank conducted on your account. So that's, in my view, would be the best evidence that the IRS would pay. Correct. I would agree if that record existed. So her testimony is a substitute for the best evidence, meaning the bank's payment. Her testimony was the best and only available evidence on the issue since the records didn't exist. I understand, but— Yes, I agree. She's testifying in effect that the bank paid them the money. She testified that she wrote the check, mailed it, and that it was paid. She wrote a check and mailed it. Correct. What the bank officer told her is rank hearsay. Well, she didn't testify in her affidavit that anyone told her anything from the bank. Well, she said, as I read the affidavit, the bank said we don't have any records. The bank, her current bank, Wells Fargo, who— Your Honor, as to the issue of hearsay, let me get to that. Her testimony that she tried to get the records from the bank, but the bank had no records to give her, she wasn't offering that for the truth. She was offering that she attempted to get the records from— I understand all that. Okay. But my point is the best evidence of the payment is the bank's records, and that's what her testimony was a substitute for. It was a substitute because the records did not exist. But the question is whether it had the probative value. If it's the only evidence that exists, it has probative value. If it's competent on personal knowledge and goes to the fact, it could— To prove that the bank paid the check, paid the debt. To prove that she— Paid the check, yes. In the absence of any other record available, that's what she provided. Okay. As to say if there were bank records and the bank records showed no payment, that her uncorroborated affidavit would be enough to defeat that. I'm sorry. Let's assume that somebody, the government, had objected on hearsay grounds and somebody had gone to Wells Fargo and Wells Fargo said, We've looked at records. We have our records. We show no payment of this check. You don't go so far as to say, well, even if that's so, her affidavit's still enough to create an issue of fact, do you? Okay. So, I haven't gone as far because that's not the record here. I understand that's the point of the hypothetical. So, on that issue, it would be complicated, but if I point to Newsom and Reed from this court, that the affiant had his own medical records that said one thing, and then the affiant testified contradictory to his own medical records. And this court said, while that is suspicious, it creates a question of fact here as to what happened. So, you do go that far. You do go to say if the bank says, We've looked at our records and there is no record of payment to the IRS, you say that her affidavit by itself would still create an issue of fact that gets her to a jury? It's a tricky question because logically it would seem no, but under the law, since she's to be believed she paid it, the answer would be yes, that I would say it would create a question of fact. On this record, though, because the way Mays is being applied— So, your argument essentially is that every taxpayer who hasn't paid their debt might as well just file an affidavit, even though there's no record, and they get a jury trial with hope maybe the IRS will settle for something less? Well, my argument is that a taxpayer, we should presume, is going to be truth-telling in their affidavit and not commit perjury. So, I would assume that only an affidavit that's truthful, that's under penalties of perjury, would be filed, and a taxpayer wouldn't file an affidavit that's not truthful under penalties of perjury. In fact, in none of the cases cited by the government is the issue and the question of fact and corroborating evidence a question of tax—government says their transcripts say nonpayment, taxpayer says payment. The corroboration issue that comes up in all these cases is whether or not the application of the code by the IRS was correct or not, and what corroboration is there for that. The question of payment, interestingly, is unique to this case as to whether it creates a question of fact and what corroboration is necessary. Now, do you make a distinction between a tax refund case in which the taxpayer is taking the initiative in the affirmative versus a case like we have here where the IRS is trying to claw back some money? Sure. On a tax refund case, a taxpayer can come in and say, you're $19.99, I paid you $10,000, that was wrong, I want it back. Is your position the same here, just an affidavit, I paid it, I have no record I paid it, nobody can find a record, but I get a jury trial on that bald assertion? On that, Your Honor, the distinction is on a refund situation is that there are IRS code provisions that talk about what type of recordkeeping is necessary to prove that claim. On an assessment case by the government, there is no similar code provision which talks about recordkeeping. That being said, I know the IRS has tried to draw a distinction in this case to say, oh, Mays doesn't go that far. The principle that this court stated is the en banc issue, that what Mays is, it doesn't go that far. It's really applicable only in a refund case, which to me is disingenuous since two things. In this case, a non-refund case, an assessment case, the IRS cited to the court Mays as the authority for why it should win. Secondly, this case in the Lima case, Lena gets cited to Mays for its support in a non-refund assessment case as Mays having an application in both refund and Michael, so you say a distinction, and my question was, you would say in that scenario, in a tax refund scenario, not enough for the taxpayer just to have an affidavit, even though there are no records that she can show that show she paid anything at all. To me, there are cases which we've cited to where there are exceptions where someone may not have the record. For example, let me give you an example. Just tell me your answer. Your answer is maybe that's going to be enough? It could be, yes, and let me explain why I believe that to be the case. Let's assume on a Monday when the taxpayer is ready to file their lawsuit on a refund case or defending a summary judgment in an assessment case, they have all the records, they're ready to sign the affidavit, and Hurricane Irma does a storm surge and blows all the records out to sea. So on Monday, they were going to win the case, and on Wednesday, they now lose the case because their records are gone. As a matter of law, the IRS cites, as a matter of law, they said in this case, we lose because we don't have a record. And cases sometimes don't have records. Now, the jury could say, I believe Mrs. Stein, because I know, Your Honor, if you asked me how much I paid my electric bill last week, I couldn't tell you the precise amount, but if I looked at the check, I could. Now, I know I paid my taxes 10 years ago, and I know I wrote the check. I don't know how much the check was for. It's not – Mrs. Stein doesn't say that, though, in her affidavit. And so if I could go back to Judge Newsom's question, why couldn't the court, the district court in this case, even setting aside Mays, decide that the affidavit is insufficient because it just isn't strong enough because she qualifies her answer with, to the best of my recollection, I paid the tax. She doesn't say, affirmatively, I paid the tax. She says, to the best of my recollection, I paid the tax. Why couldn't the district court decide based on the strength of the affidavit or the lack thereof that summary judgment ought to be granted, the affidavit is insufficient? Okay, that's a great question, Judge Wilson. Two issues. One is, in the 21-paragraph affidavit, one paragraph says, to the best of my recollection, We've cited in our brief the case law that says there's a distinct difference between to the best of my recollection and upon information and belief. To the best of my recollection, the courts have consistently held that's the same as saying this is my recollection, this is what I did. The affidavit also says it is my unwavering contention that I paid the taxes due. That doesn't help your client at all, does it? Right. So that's – Put it in there for some reason. Well – Just to remind the court to look at the pleadings. Not the pleadings. Would the trial judge have discretion at the trial to exclude her testimony if it mimicked the affidavit? Right. So would the trial judge have discretion to eliminate the – bar the testimony? And if so, if he had the discretion at trial to do so, why not on summary judgment? The judge could if the affidavit the judge believed to be – And it just lacks probative value for one of the reasons the chief judge just mentioned. Right. So the judge does have the right if an affidavit is – If she testified verbatim of this affidavit at trial, my suggestion is the judge would have discretion. He has discretion to admit or exclude evidence to sustain a government objection to the testimony. And if he has that discretion at trial, why not on summary judgment? Okay. I think the cases are that you have the same discretion. My answer to that is twofold. First of all, if an affidavit is incompetent, hearsay, incompetent, not on personal knowledge, et cetera, then a judge can exclude the affidavit. In this case – She has no personal knowledge of the bank paying the debt. Her knowledge is that she wrote the check and submitted it with a tax return. And, in fact, they – No, no, no. She submitted two checks with tax returns. The affidavit says I paid all – to my recollection, I paid them all. There's only two where there's a check mentioned, and they were cash. She said on each of the tax returns at issue, she paid the tax and the penalties with the tax returns for each of the subject tax returns. But the second – to get to your other point, and not to be technical here, but this is the issue. At no point in the proceedings did the government seek to strike the affidavit as inadmissible or incompetent. We're talking about whether the judge abused his discretion in not taking the evidence into account. That's what he did. He just didn't take it into account. It's nonprobative. The judge did not say that the evidence – I understand, but that's what he did. Sometimes judges don't express what they do in the perfect language. Okay, so the issue, though, is that if you try to read between the lines on the affidavit, you can just look at specifically what the judge ruled. The judge ruled, Mrs. Stein said this, this, and this, but that alone without corroborating evidence is insufficient to overcome the presumption of correctness. And under this court in Garner – No, she has to show payment. Payment is an affirmative defense under the rules, and she pled – effectively pled payment. She said she paid it, and just so we're clear – I'm talking about procedurally she effectively pled – you didn't have payment as an affirmative defense, but the court in effect treated it as an affirmative defense, her affidavit. She denied that the money that was alleged to be owed was owed. Why? Because she paid it. She denied it because she had paid it. Right, so if he denies it's owed because she paid it, then you don't have to also say – She never filed them, some of them. She – her husband, she put in her affidavit that prior to 19 – to 2004 when her husband died, he was responsible. She learned in 2004 that the tax returns for those years weren't filed, hired a CPA, and based on what he prepared, she submitted the tax returns along with her payment. And the issue here is on summary judgment, whether it's the best evidence because the bank had a record, which in this case there is no record that exists, you have to believe what she's saying to be the truth. At trial, it may be that it's shown to be not credible, but you can't create this obligation in Rule 56 which – I'm sorry, if this – If the evidence presented at trial mirrored her affidavit, your position has to be that the judge would be required to deny motion for judgment as a matter of law, isn't it? Well, the evidence – in a directed verdict or a judgment, the judge could, upon hearing the credibility and hearing the testimony – How would I ask you? Okay. Judgment of a matter of law is different from making credibility determinations. Okay. If at the close of the case, the evidence mirrored the affidavit to a word, your position is the judge couldn't grant judgment as a matter of law. Yes. Okay. That – but the issue here in our case – I understand that. Okay. Can I just – I know you're past your time, but just to circle back to Judge Julie Karn's question, I just need to get this squared away in my own head. You said that we were testing the limits of Mays, and you said that she asked you if it was different in a refund case, and you said, no, the government has tried to make that argument, but that's disingenuous. I thought that in your panel brief in footnote four, you said this would be totally different if it were a refund case because it's well settled under Mays that the taxpayer has a double burden, and that's not this case. What I said was – yes, I said that, that Mays is distinguishable on its – the way it holds in Mays, but what's happened is that Mays has been applied beyond the tax refund case, and so in applying it to our case certainly doesn't make sense under Mays, and the government itself has attempted in district court after district court in this court in other cases has said it has a widespread application beyond tax refund cases. Where in a tax refund case, there is a statutory burden for taxpayers to have records. There is no equivalent statutory requirement in an assessment situation. So, but I guess in short, in answer to Judge Karn's question, if this were a refund case, under the position you articulated in your panel brief, there's a well settled rule that the taxpayer must be able to substantiate its claim with something other than self-serving, uncorroborated oral testimony citing Mays. Citing Mays. Yes, that's what Mays is. So if this were a refund case, totally different, the Mays rule applies across the board. If Mays is good law, but then we shift over to the question is why is Mays good law at all in the first place, which was the en banc issue here. What support is there in Rule 56 for you to engraft this additional record requirement to prove your position on summary judgment? At trial, it's one thing. See, Mays is relying on two trial cases. No, it isn't. No? Well, you just agreed with me earlier that the motion for judgment as a matter of law standard mirrors Rule 56. You can't have it both ways and say now, don't worry about Rule 56 because you can cut these cases out at the judgment as a matter of law. It's the same standard. If that's what you're saying, what I was trying to suggest there is that at trial, a judge can determine issues of credibility and probative and weighty evidence. And I told you no. I'm not talking about credibility. I'm talking about judgment as a matter of law. Okay. Thank you. Sure. Mr. Clark, we took Mr. Rosenthal over five minutes. We'll give you five extra minutes, Valerie. May it please the Court. The question that the Court posed on this en banc proceeding is whether an uncorroborated, self-serving, sworn affidavit by a taxpayer can create an issue of fact as to the correctness of the government's tax assessment and whether such a principle should be overruled under Rule 56 of the Federal Rules of Civil Procedure. Our answer to that is... Can I ask you a question to start? As a matter of Rule 56 law, the principle in Mays cannot stand, right? If you're applying the principle in Mays across the board in summary judgment cases, Mays goes flat out wrong, is it not? In other words, if you have an affidavit of a litigant, self-serving but based on personal knowledge, admissible and probative on a material issue, you can't disregard the affidavit, right? I don't agree with that, no, Your Honor. You think that, again, I'm not trying to ask you about a tax case. That's the next step. But as a pure Rule 56 matter, you think that a self-serving, uncorroborated affidavit of a litigant made on personal knowledge, probative to a material issue, otherwise admissible, can be disregarded? It depends. It depends upon what the case is and what the nature of the case is. Okay, I'll give you a very simple case. A crash case. Distant crossroads where there are no red light cameras, no witnesses, and two cars crash. And one driver says she took the red and the other driver says he took the red. And the skid marks are not probative. The police can't figure out who's right and who's wrong. There were no witnesses. And one driver says her fault. One driver says his fault. Can a district court disregard either of those affidavits, uncorroborated though they are? That case would be similar to the ones that we cite at pages 20 and 21 of our brief in this en banc proceeding. This court has held that in cases of motive and intent and personal experience. No, those aren't motive. Those aren't intent. Personal experiences and what people see or what they hear. If there are two conflicting affidavits, then I would agree that that's not appropriate for summary judgment. But let me switch you to a little bit of a tax case. A little bit different than this case. Let's say that a taxpayer like Ms. Stein gets assessed and decides, you know, damn IRS, shouldn't have to be paying all this money. So I'm going to pay it, but I'm going to pay it in a funny way to make a point. And she drives wheelbarrows of quarters to the IRS, delivers them to the IRS, right? And the IRS refuses to give her a receipt because they're miffed at what she's done. But she's provided the wheelbarrows full of quarters for her full tax assessment. The IRS says we're not giving you a receipt, but they take the wheelbarrows. OK. The IRS files an assessment claim against her. She says on this date, I went to the IRS.  They refused to give me a receipt. I paid my taxes. She says that in an affidavit in court under Rule 56. The IRS says we have no records of your payment. Can the district court disregard that affidavit? I think that it can and that it should be affirmed if the court. How is that if that affidavit is, as you said, based on personal experience? I went. I took my wheelbarrow full of money. I delivered it. And the IRS refused to give me a record, which I asked for, to prove my payment. But I was there, and I gave it. I think that it does not meet the standard that the Supreme Court established in Anderson v. Liberty Lobby. And that, I think, is a centerpiece here. In Liberty Lobby, the court held that a non-moving party, it's not sufficient just to present evidence that is colorable. Right, but the point here, counsel, is if you otherwise have an affidavit that is sufficient insofar as, one, it is sworn, two, the affidavit swears to having personal knowledge, three, the personal knowledge itself is specifically detailed, four, the affidavit is otherwise competent, how would a district judge have the authority to refuse to so much as consider the affidavit on summary judgment simply because you declare that the affidavit is self-serving? What is there about the self-serving nature of an affidavit that renders it inadmissible if all of these other requirements are met? Your Honor, I think that the focus on the term self-serving is really not helpful. Well, I agree with that, but that's what we are talking about. I don't think so, not necessarily. I mean, all of the circuits have opinions, I think, that say that self-serving conclusory affidavits are insufficient. No, I don't want to confuse the label conclusory with the phrase self-serving. All self-serving means is it serves the interest of a party to submit an affidavit, and virtually anything you ever present in a court of law as a party is self-serving in the sense that it's designed and intended to assist you in proving a point by preponderance or in some other way. What is the basis for saying a district judge on summary judgment has the power to simply refuse to consider an affidavit that otherwise is competent, is sworn, and is detailed? In that situation where the affidavit is sworn and it contains sufficient specific facts and shows significantly probative evidence, then the district court should accept that summary judgment, that affidavit, yes. Why don't you have that here, insofar as Stein says in an affidavit, and as Judge Schofield pointed out, the best evidence would come from the bank. The question is what you can offer by way of a surrogate in place of it if that evidence is not there. Why couldn't a witness say in an affidavit, I paid the IRS $6,224 on July the 4th, 1996. I remember writing the check. I don't have the check. I can't get it from the bank. But I specifically paid that sum of money on that date to the IRS in Atlanta, Georgia. Is that not something the court is obliged at least to consider in determining whether or not there's a material issue of fact in dispute? That may be, but that's not what this case is. In this case, we don't have an affidavit saying I paid the tax. Okay, but if you agree that that may be, then doesn't that conflict with Mays? Isn't Mays wrong then? Mays, I know in the 10th ultimate paragraph of the opinion, said that in refund suits, uncorroborated oral testimony is not sufficient. But the holding in Mays, I think, is absolutely correct and should not be disturbed on appeal. Because what happened in Mays was the government sent interrogatories. In response to the interrogatories, which were not answered, the taxpayer, who was pro se, produced this long-after-the-fact summary of expenses. And what the court held in that case is that that's not good enough. Now, we don't even know if that summary was given to the court under oath. Well, let me give you that, okay? Let me give you that just for the sake of this argument. But I guess what I want to know is, under those circumstances, isn't it wrong to apply Mays outside of the refund context? Haven't you just admitted that it would be? Well, as was pointed out, I think, we didn't even cite Mays in our brief to the panel. And we don't agree then that Mays should not apply outside the refund situation. And, sir, I think that the principle that an uncorroborated affidavit is not enough to defeat summary judgment. I'm not sure I understand why, because you just said in response to my question that if I, as the affiant, swear under oath that I sent the IRS a check for $6,842 on July the 4th, 1996, and I mailed it to their office in Atlanta, and there are no bank records, that the court would be obliged to consider that on summary judgment to determine whether or not there's a material issue of fact in dispute. Can he consider it? Is he obliged to consider it? Or must he discard it completely, ab initio, facially, simply because I don't have any corroboration other than my word? That's your call as to whether or not a court would be required to accept that affidavit. But, again, that's not the affidavit that we have in this case. On what theory could a court refuse to consider it on summary judgment? Okay, under Anderson v. Liberty Lobby, it's not enough to smear. Unless you tell me it's inadmissible. If it isn't competent evidence and it's not admissible, that's one thing. Would it be admissible evidence for me to say I paid it, I wrote the check, here's the amount, here's the date, I don't have the check, and I have no bank record? Would that be competent probative evidence, whether in the form of an affidavit or under oath in a court of law at a trial? The answer to the question is, yes, it is competent, yes, it is admissible, but it may not be enough to defeat summary judgment based on Anderson v. Liberty Lobby. The court said in that case that just because evidence is colorable, just because it's competent, just because it's admissible, does not mean that it can defeat summary judgment. Suppose she gave an affidavit that I walked down to the local or rode down to the local IRS office with cash, paid it, they counted it out, they said thank you very much, we will tender that to the central office. She paid it to an IRS agent there. She put that in an affidavit. Is that enough? Well, yeah, I mean, I think that's similar to Judge Jordan's hypothetical. I think it's better, but of course. I mean, she actually remembers going down there. It was a painful personal experience. In truth, I mean, that's a more extreme situation. I don't know that it ever happened, would happen, but maybe that's enough. But again, it's not what happened in this case. Well, but you say self-interest has nothing to do with it. Why wouldn't that be enough? I mean, suppose she passes away before we get to the summary judgment stage, and an agent down at the local office says, I remember her coming in here. We get those so seldom, and I asked my supervisor what to do with it, and we decided to send it to the central office, and we did. Does that defeat summary judgment for the IRS? Well, there, of course, you have corroborating evidence, I think. Why is his personal recollection corroborating of what he says, but her personal recollection doesn't corroborate what she says? Well, corroborating evidence, I always understood, means that there is some other evidence that supports what you're saying. But, yeah, but there's no other evidence that supports what he's saying other than what he's saying, just like there's no other evidence that supports what she's saying other than what she's saying. You keep insisting that self-serving has nothing to do with it. No, that's not my point, no. Well, that's what you say repeatedly throughout your brief, trying to get away from it. I mean— No, well, we mean if an affidavit is too conclusory, and that's why I think— It's not conclusory. She walked down to the IRS office. On a given date, at a given time in the day, she says, and I gave him the money, and he said, thank you, I accept it on behalf of your United States government. We'll put it to good use. I'll send it to the central office. She passes— I agree that's admissible. You agree that's sufficient to avoid summary judgment. And now wait, whose affidavit are you talking about now? Well, why does it matter? If it's self-serving, it doesn't kill the affidavit's probity force. Why does it matter whether it's her affidavit or she's passed, and it's the local IRS agent's office director's testimony? It's affidavit. Then we have the IRS evidence that the tax was paid. No, we don't. No record of it. You've got the local guy saying, I sent it to the central office. I don't know what those culprits did with it. And his testimony is he got it from her. He processed it. But there's not a trace of record. Now, if his testimony is enough to avoid summary judgment, why isn't her testimony in an affidavit enough to avoid summary judgment? That's the taxpayer in your hypothetical? Yeah. Okay. Again, in that case, it may be. That's a closer call than what we have in this case. Closer. That's your way of saying, I'd rather not address that hypothetical, but what I'm asking you is I think you have to because it would be helpful to me if you did, because it tests your position that self-serving is not the poison pill. You're not going to convince me, at least, I'm speaking for me, that self-serving makes the difference because, as Judge Joflat says, they're all self-serving. And we agree that the focus on self-serving should be out of the case. Okay. Then her testimony is as good as the agent at the local office who didn't make a record of it but remembers it vividly. Okay. That is a closer case, and that may be enough to defeat summary judgment. But, again, it's not what we have in this case. What we have in this case— Can we go back to the affidavit in this case, not a hypothetical? Tell me what features of this affidavit, in your view, make it insufficient? No hypotheticals. This affidavit I have here, what makes it insufficient? Well— What line and verse? The statement in paragraph 7 of the affidavit that, to the best of my recollection, I paid my tax, I think is too conclusory. She gets more specific in paragraphs 12 and 13 of the affidavit. You're talking about in number 7 where she says the tax returns were filed to the best of my recollection I paid the tax? Yes, that, which I think is a bit too conclusory, but she does get more specific. I want to know, what else besides paragraph 7? What do you say about this case, this affidavit is insufficient? That's what I'm getting to, paragraphs 12 and 13. Paragraph 12 is she recalls paying a tax with the return for 2001. Paragraph 13, she recalls writing a check for the amount for 2002. Now, recalling writing a check is not even evidence of payment because— That's the first step in the payment. It's the first step. The first step is you write the check. The second step is you go to the — you put it in the mail. The third step is they get the check and they send it to the bank. The fourth step is the bank pays it. Now, the best evidence rule says, and if this case isn't about the payment by the bank, then we have a different kind of case, but the rule says, an original is not required, the bank record is not required, and other evidence of the contents of the record is admissible. Of the contents of the bank record is admissible. Other evidence, if it's lost. So she is incompetent. She has no personal knowledge of any kind about what happened at the bank. Zero. I agree. All she does is she took the first of five steps to pay the debt. I agree. Now, if the bank records, because the bank made the payment, if that's not needed, then it will never be needed in one of these cases, in my view, and all you do is just don't file your tax returns and let your bank records get lost or pay them. Say I wrote a check, and the rule doesn't apply. The best evidence rule doesn't apply, so my testimony is probative, and that's what some of these questions are asking you, whether it's probative. It is probative that she said, I wrote a check and put it in the mail, period. That's all she can say. But, of course, with respect to the 2002 tax, she doesn't even say that much. All she says is she recalls writing the check, and that is not evidence of payment. But your argument has to be that what is payment? Payment is more than putting a check in the mail. Let's assume the undisputed facts are, and you believe her, she put the check in the mail, but this was a month where the mail carrier was not delivering mail or it got lost. It never got paid to you. I assume the IRS position is payment is not putting something in the mail. Payment is having the bank actually pay on the check. Is that correct? That's uniform commercial code, that a payment is not made until it's delivered and honored by the bank. The fact that Judge Joflat's questioning is the fact that she may have really put something in the mail, that's all she's really saying in the affidavit. There's nothing in here that says, you know, I check my bank statements every month, and I can tell you it was deducted. Nothing like that, just she put a check in the mail. And that's essentially your argument or part of your argument. And I think that by qualifying her affidavit with I recall is tantamount to saying that, well, I don't really know for sure. What else can you say but I recall? Human memory is frail, and when you're talking about a decade, all you can say is I recall. Let me turn you to something else. Paragraph 18, wasn't there a situation in this case where Ms. Stein, without proof of payment, showed the IRS a mere check stub and through that proved that the IRS had misapplied a payment? A check stub, which is not evidence of payment. That just means she may have written out a check because she could have just written out a check stub and tossed out the check, showed it to the IRS, and lo and behold, the IRS had misapplied a payment and it was seeking to hold her liable for that mispayment. Didn't that happen in this case? No, I think the record shows more than that. What does it show? Okay, it shows that there's back and forth between Ms. Stein's representative and the IRS agent. After the lawsuit was filed. Lawsuit was filed. Yeah, so the IRS misassessed her. They did not. The IRS had a record of that payment, which I think is the important part. When it filed suit, it didn't rely on that payment. It said you owe us for this year, and it turned out based on a check stub, nothing else, that the IRS had in fact received payment for that. The IRS was mistaken. It had made a mistake. Sometimes records aren't accurate. Yeah, and that's why during audits there's back and forth between the IRS and the taxpayer. In this case, the taxpayer came out with an explanation. The IRS went back and lo and behold, it had a record of that payment. It has no records of the other payments. How do we know that that's correct? How do we know that the IRS position is correct? When the IRS says, we have no records of payment, we never received payment, how do we know that that statement by the IRS is not self-serving, uncorroborated, and not enough to win under Celotex? IRS? No, not necessarily even because it's the IRS. I would submit that. Well, she's saying she mailed that she recalls writing a check, right? The IRS representative is saying, we don't have records of having received it. They don't submit any records to show that they didn't get it. It's self-serving. It's uncorroborated. Why isn't the IRS in the same position as Ms. Stein? Because the IRS, first of all, its records are entitled to the presumption of correctness, but even beyond that. But based on what? Where did that presumption come from? Is it statutory in every single tax case? Well, I think it originates from Supreme Court decisions from the 1930s. Okay. Well, still, why does the IRS affidavit suffice to win summary judgment? Forget defeat it. How does the IRS get to win in this case if Ms. Stein's affidavit is not enough? Ms. Stein's affidavit is not enough. Why is the IRS affidavit sufficient? Because all the IRS has to do is put in its records. It's presumptively correct. And even if we didn't have the presumption. Even if the record is a lack of record. Even if this was not a case where the IRS entitled to a presumption of correctness, in any debtor-creditor dispute, all that happens is the creditor has to put in the evidence of the debt. And then the debtor has to come forward with something more than I paid the debt. Mr. Clark, I have just one question. When you look at what the district court did here on summary judgment, did the district court refuse to consider the Stein affidavit at all, or did he look at it and say, on its face it's insufficient because of X, Y, and Z to rebut the government's showing? Did he refuse to consider it at all? Well, I don't know if there's any really clear indication in the opinion as to whether or not. I ask the question because the way I read it is the district court refused to consider the affidavit at all because there was nothing extrinsic that corroborated its content. And as she read the law, there was a requirement to put in something corroborative. I'm not looking at it. Is that what happened? Again, we don't know. It may be just because the district judge saw these statements. I recall writing a check. I recall paying this. It was insufficient in and of itself. Because the statements that I recall means that she doesn't know and she doesn't want to be held accountable. All I'm trying to get at with my question is whether or not a district court is obliged to consider it if it's otherwise competent, probative, admissible, and sworn. Well, considering the affidavit is a different question of whether or not it's sufficient to be summary judgment. But I'm asking whether a district judge can refuse to consider it. I think that the district court — The answer has to be no. The district court — The district judge considers everything that's presented on summary judgment. Judge, you're — We're sitting in the district judge's shoes right now. Your Honor, that's my answer. At this moment. So we're considering everything that's in the record as it was before the district court. Is that the answer? Judgment is obligated to consider everything. You don't want to say no to that. Yes. One last question. Should you not prevail in this position that Mays is going to be discounted or undermined to the extent that in this case the taxpayer, Ms. Stein, will prevail? Is your position that this will also apply in a tax refund case so that we'll have every Tom, Dick, and Harry saying, you know, I paid you $200,000. I don't have any records. I don't have anything, but I'd like a trial. That is a grave concern on our part because it's well — Tell me why we shouldn't be. You think that we would have to apply that equally given that there are regulations about some hurdles that a putative taxpayer has to overcome to get into a tax refund situation? Well, the question of whether or not — what the taxpayer has to show in a refund suit, the income or the deductions, is a different question from the actual payment of the tax. To get into district court for jurisdiction for a refund suit, you have to pay the tax in full. And I think that if an affidavit like this is sufficient in this case to get to a jury, then I don't see why it wouldn't be in a refund case because the question is, I paid the tax. And I think that would have grave repercussions in tax administration. Is there a statute or regulation requiring taxpayers to keep records for X number of years? I've seen the recommendation. I thought it was from the IRS for five years. I didn't believe it, so I haven't thrown any away based on it, but I thought that came with some return on the back of it. Your Honor, the answer to the question is, in Treasury regulations under Section 6001 of the Internal Revenue Code, taxpayers are required to keep permanent books of account and records relating to their income and deductions, and they're required to retain them for as long as it's material to the administration of the tax laws. I thought the law was as long as you could be audited, and the audit was seven years, so people are disposed after seven. What's the audit period? Your Honor, that's not what the regulation says. The regulation says you're tax— What's the audit period? I'm sorry? How long after which can you audit somebody or not audit? Well, again, it depends. The general rule is three years, but in the cases of fraud, there's no limit. One last thing. On this affidavit, you've identified what you say is defective paragraph 7, 12, and 13. Is that it? Is there any other paragraph that you can— Seven, 12, 13, and then 21, as I pointed out before, is my unwavering contention that I pay the taxes no more than just repeating the allegation in the complaint. You're admitting some affidavits could be enough. You're just saying this affidavit is not enough. Yeah. I mean, I think Judge Jordan's hypothetical at the start, that that might be enough, but that's not what we have here. Judge Kearns, you said would be enough. The question is, what is not enough here? And all you've identified is 7, 12, 13, and 21. Is that what you said? That's correct, because— Okay. You've answered my question. Thank you. Thank you, Mr. Clark. Mr. Rosenthal, five minutes. So, starting with the final inquiry first, even the IRS's own records, which talk about what type of records taxpayers are supposed to keep for whatever period of time, is income and deductions. The IRS itself hasn't regulated that you must keep— Counsel, federal rule of evidence 1004 tells the taxpayer exactly what to do. It tells the taxpayer if you're going to prove a point with a record, somebody else's record, in this case the bank's, you better not throw them away. All you have left is your testimony, and it isn't a substitute for the record. Right. So, in this particular case, if we go to— and I understand Your Honor's point on the best evidence rule. The point on this is that— The best evidence rule says if you have somebody who can replicate the bank record. She can't replicate the bank record. Right. She can only say what she did with a check. And she said the same thing for the payment that she didn't have a record, the bank's record, or a front and back of a check, but it turned out that the government was wrong in its transcript as to the fact that she didn't pay that which she didn't have a record to prove because she could prove it in testimony at trial with the issue of her credibility. She has to prove that the bank paid the check. The issue on that is on the issue of proving what I was going to get to next. How does her testimony that I put it in the mail prove that the bank paid it? Your Honor. Can you tell me that? If we were at trial, this would be a much more difficult issue for Mrs. Stein. We're in the middle of a jury trial now. The same question that the chief judge asked before. She gets on the wickard stand. Federal rule of evidence of 104 is right front and center. She has to prove that the bank paid the check. All she can say is I put it in the mail. Where it went, who knows. She has to prove the bank paid it. And she doesn't have anything other than her own testimony that I put it in the mail. Does the court deny the judgment as a matter of law? You told Judge Carnes that it would. That's still your point. Right. Yes or no? Is that your point? The court would deny the judgment as a matter of law. In your question, the court can't consider any other evidence. There's no other evidence in this record other than her testimony that I put it in the mail. Right. What I'm trying to explain to Your Honor is on summary judgment, it's not a— No, we're now at trial, and she says the same thing before the jury as she does in the affidavit, exactly the same. And the question becomes whether the bank paid her check that she put in the mail. She could not prove that the bank—she could not prove that. Your argument is that the judgment as a matter of law would be denied? My belief is that the argument is that Mays requires corroborating evidence that that— Forget corroborating evidence. Okay. All you have is what she had in the affidavit, and your argument is that the court would have to deny a motion for judgment as a matter of law because her testimony that she put it in the mail proved that the bank paid it. Her testimony that at trial— At trial, the same testimony she put in the affidavit. At trial, the trial judge could, if the judge believed that the incompetent evidence could exclude evidence of her testimony of payment based on the issue of whether or not she said she paid it. But the issue is, on summary judgment, the judge can't do that. On summary judgment, under Anderson, the judge has to accept what she says as true. The litmus testimony— We accept that it's true. She put it in the mail. The question becomes whether the bank paid it. And your argument is that her testimony that she put it in the mail is proof that the bank paid it. Is that right? The second part of Anderson says that all reasonable inferences must be drawn in her favor. And in this particular record— I'm giving her every inference. She put it in the mail. The question I'm asking you again, if you can answer it, does it prove that the bank paid it? Yes, it does, and let me tell you why. Because in the same affidavit she says as to the 1996 tax year, she had a check stub. And that check stub was presented to the IRS, and the IRS then confirmed— We're talking about the return she did not file at all and did not pay according to the IRS. This one. Her statement that she paid them, is that evidence the bank paid it? The tax return I'm referring to, which is that she found the check stub, was exactly one of the tax returns that the IRS sued and said she didn't pay. Okay, and you've won on that. No, but the point is— Yes, you have. Right, but the issue is the inference that can be drawn. I'll move on to what you haven't won on and ask you questions about that. Okay. Now, assume that that didn't happen. Right. The IRS said off the start, 1996 was paid. Don't worry about it. Is her statement that I mailed a check, is that—assuming that was her testimony. It goes a little beyond the affidavit. I mailed the check. Is that enough to show that it was paid? I mean, people write worthless checks to the IRS from time to time. Desperate people. Desperate measures. Sometimes things get lost in the mail. I mean, it's happened to all of us. I thought the point of Judge Joe Flatt's question was, you've got to prove payment. She doesn't have her records. She doesn't have the bank records. How can she prove payment? Right. And my answer to the question is, again, at summary judgment, if we assume what she says to be true and draw all reasonable inferences in her favor at summary judgment, we have to draw the conclusion that she paid it and that it was received and that it was a payment. The question becomes different standard at trial. You don't have to believe her at trial. You can weigh the evidence, including the stack of evidence, the existence or nonexistence of receipts. At summary judgment, though, if she says it, you have to believe it. But so let me ask you this because both of you and your opponent are both citing Anderson. But, you know, so what he's saying is Anderson says that if the evidence is merely colorable and not significantly probative, summary judgment can be granted. How does that, you know, what's the buzz phrase, significantly probative, what does that mean? And how do district courts decide between the warring hypotheticals that you've heard about today? Sure. So to me and my understanding of the law on the issue of probativeness is does it go to a material issue in the case and is there a factual evidence of that? Is there a genuine issue of material fact? Not just a factual issue. Is there a genuine issue? And I take the significantly probative gloss to be a gloss on the word genuine. Sure. That there is some room for sufficiency judgments even at summary judgment. I agree. Right? Yes. So, I mean, the district court doesn't have to consider any old thing that's shoved under his nose. I 100% agree. And so how is it that the district court goes about operationalizing that significantly probative rule to distinguish between this case and the hypotheticals you've heard today? Okay. It sort of gets to Judge Hull's question about, like, what's good or bad about this particular affidavit and why is it on one side of the line or the other? The government says she didn't pay. She says she did pay. That is the material issue of the case. In fact, the trial judge in the All you can infer from that is she sent something in the mail. She doesn't say I looked at my bank statements and I saw they took it out. All she says is I sent something. Right. But if you draw the inference when she says she paid, you're then dissecting what she means by did she pay. And the truth is, again, going back to just common sense with me, if you asked me did I pay my tax return 10 years ago, I would say, yes, I paid it. I don't have it anymore. My bank doesn't have the record. And if I said, oh, and I didn't recall whether I saw it on my bank statement, that doesn't mean I didn't pay it. And so the issue of evidence that's going to prove or disprove things at trial, you don't have to assume it's true or draw inferences in her favor like this. So if I understand your answer to the question, she says in her affidavit, to the best of my recollection, I paid the tax. We have to accept that as true. She did not say in her affidavit I put the check in the mail. Is that the answer to the question? Well, again, a trial court or someone could say that that doesn't go far enough. If they're saying that doesn't go far enough when you say you paid it. But in this case, she didn't. In other words, she said I paid the tax. Right. She didn't. In some affidavits, you would have a client who would say I deny I owe the money. That would be conclusory and not probative of any fact. In this case, she went tax year by tax year explaining how it was prepared by her accountant and what she did and the process she went through to pay it. Now, it is probative to the material issue of whether it was or was not paid in this case. And if you draw the inferences in her favor on summary judgment, then that's the issue that has been presented here. Now, in this particular case, counsel said it's a close call. Well, summary judgments are not supposed to be decided based on close calls. Mr. Rosenthal, what's not a close call is you're repeating yourself. And for emphasis, and I appreciate that. Right. But we'll take the case under submission. Thank you, Your Honor.